64 A.3d 554

IN THE MATTER OF JOHN A. KLAMO, AN ATTORNEY AT LAW (ATTORNEY NO. 009161982).

April 26, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–238, concluding that **JOHN A. KLAMO** of **CHERRY HILL,** who was admitted to the bar of this State in 1982, should be suspended from the practice of law for a period of three months for violating *RPC* 1.5(c) and *Rule* 1:21–7(d) (charging improper expenses in contingent fee matters), *RPC* 1.15(a)(failure to promptly deliver funds belonging to clients and third parties), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), *RPC* 8.1(a)(making material misstatements of fact to ethics authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that respondent should be required to deposit any undisbursed funds remaining in his attorney trust account with the Superior Court Trust Fund;

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to complete a course in law office management and that following reinstatement to practice, respondent should be super-

vised in the practice of law for a period of two years and required to submit monthly reconciliations of his attorney trust accounts prepared by an accountant approved by the Office of Attorney Ethics on a quarterly basis;

And good cause appearing;

It is ORDERED that **JOHN A. KLAMO** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective May 27, 2013; and it is further

ORDERED that any undisbursed funds remaining in respondent's trust account shall be deposited with the Superior court Trust Fund to be held pending the further Order of the Court; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall enroll in and successfully complete a course in law office management approved by the Office of Attorney Ethics and submit proof of his successful completion to the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further ORDERED that following reinstatement to practice, respondent shall submit to the Office of Attorney Ethics on a quarterly basis, monthly reconciliations of his attorney accounts prepared by an accountant for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC*

8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.